**UNITED STATES of America,**
**Appellee,**

v.

**Frank Carlton BINNING,**
**Defendant–Appellant.**

**No. 05–6617–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 16, 2007.

Robert L. Capers, Assistant U.S. Attorney (Peter A. Norling, on the brief), for Roslynn R. Mauskopf, U.S. Attorney, Eastern District of New York, for Appellee.

Jeremy F. Orden, New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Frank Carlton Binning appeals his sentence of sixty-three months' imprisonment imposed by the district court, following his conviction by a jury of one count of possession with intent to distribute 500 grams or more of cocaine and one count of importation of 500 grams or more of cocaine. In arriving at the sentencing range of 63 to 78 months, the district court applied a four-level reduction because of Binning's minimal participation as a courier in the overall offense, U.S.S.G. § 3B1.2, and a two-level enhancement for obstruction of justice, U.S.S.G. § 3C1.1. Binning challenges the obstruction of justice enhancement. We presume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

An enhancement for obstruction of justice is subject to a mixed standard of review, and the sentencing court's factual findings are reviewed for clear error. *United States v. Cassiliano*, 137 F.3d 742, 745 (2d Cir.1998). In this case, the action on which the enhancement was based was trial perjury, U.S.S.G. § 3C1.1, *Cmt. 4(f)*. To justify an enhancement on the giving of perjured testimony, a sentencing court must find, by clear and convincing evidence, that "the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." *United States v. Zagari*, 111 F.3d 307, 329 (2d Cir.1997); *see also United States v. Grimes*, 225 F.3d 254, 260 (2d Cir.2000).

Binning does not deny that the statements were obstructionist. He raises only the argument that due to his mental capacity, he did not have the *mens rea* necessary for this enhancement, *see United States v. Reed*, 49 F.3d 895, 900 (2d Cir. 1995) (noting that § 3C1.1's 'willful' term "implies a *mens rea* requirement"). In support of his position, he proffered a medical affidavit attesting to his mental capacity being in the borderline range of mental retardation, with paranoid and psychotic thought processes.

Having reviewed the medical report, the district court judge nevertheless found her observations at trial—which, over a year earlier, was when the perjury occurred—supported the finding that Binning deliberately and willfully lied. The district court was not clearly erroneous in this determination.

We have considered all of Binning's claims and find them without merit. The judgment of the district court is therefore AFFIRMED.